1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VYACHESLAV KHOMICH and
     ANNA P. KHOMICH,
11
              Plaintiffs,                    No. CIV S-10-1866 KJM DAD PS
12
          v.
13
     BANK OF AMERICA, N.A.,                  FINDINGS AND RECOMMENDATIONS
14   COUNTRYWIDE HOME LOANS,
     INC. D/B/A AMERICA'S WHOLESALE
15   LENDER, RECON TRUST COMPANY,
     N.A. AND MORTGAGE ELECTRONIC
16   REGISTRATIONS SYSTEMS, INC.,

17            Defendants.
                                      /
18

19            This case came before the court on September 3, 2010, for hearing on defendants'

20   motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

21   (Doc. No. 5.)  Ben Spohn, Esq. appeared telephonically for defendants.  Plaintiffs did not file

22   written opposition to the motion nor did they appear at the hearing.[1]  Upon consideration of all

23   materials filed in connection with the motions, arguments at the hearing, and the entire file, the

24   _____

25       [1] Plaintiffs' failure to file opposition to the pending motion as required under Local Rule
     230(c), along with their failure to appear at the hearing on the motion, would be sufficient to
26   support dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

                                              1

1  undersigned recommends that defendants' motion to dismiss be granted.

2  BACKGROUND

3  Plaintiffs originally filed their complaint on June 9, 2010, in the Sacramento

4  County Superior Court.  On July 16, 2010, defendants removed the action pursuant to 28 U.S.C. §

5  1441(b) on the grounds that this court has original jurisdiction over the claims brought by

6  plaintiffs in their complaint, including those federal claims brought pursuant to the Home

7  Ownership Equity Protection Act (HOEPA), 15 U.S.C. § 1639, et seq.; the Truth in Lending Act

8  (TILA), 15 U.S.C. §  1601, et seq.; the Real Estate Settlement Procedures Act (RESPA), 12

9  U.S.C. § 2605, et seq.; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1687(s)(2)(b); and the

10  Racketeering Influenced and Corrupt Organization Action (RICO), 18 U.S.C. § 1961 et seq.  <u>See</u>

11  Notice of Removal (Doc. No. 1) at 2.

12  PLAINTIFFS' CLAIMS

13  In their rambling and conclusory thirty-four page verified complaint, the pro se

14  plaintiffs allege as follows.  They are the owners of the subject residential property located in

15  Sacramento, California.  (Compl. (Doc. No. 1-1) at 7, ¶ 4.)  On June 9, 2005, they obtained a

16  mortgage loan in the amount of $308,000 through defendant Countrywide Home Loans, doing

17  business as America's Wholesale Lender (hereinafter Countrywide), secured by a First Deed of

18  Trust on the subject property.  (<u>Id</u>. at ¶ 5.)[2]  Defendant Recon Trust Company was the Trustee for

19  plaintiff's Deed of Trust.  (<u>Id</u>. at ¶ 11.)  Defendant Countrywide induced plaintiffs into the

20  mortgage loan that "did not and could not meet normal underwriting standards for a residential

21  mortgage."  (<u>Id</u>. at ¶ 6.)  The appraisal done in connection with the loan was inflated, along with

22  other loan data, to justifying the closing of the transaction when, in fact, defendants knew

23  plaintiffs could never repay the loan and despite defendants' assurances to the contrary.  (<u>Id</u>. at ¶

24

25  [2] According to an exhibit attached to plaintiffs' complaint a Notice of Trustee's Sale with respect to the subject property dated January 23, 2010 was recorded setting an initial sale date of June 16, 2010, and advising plaintiffs that they were in default under the June 9, 2005 Deed of

26  Trust.  (Compl. (Doc. No. 1-1), Ex. B.)

7.)  Defendants sole purpose was to collect "fees, rebates, kickbacks and profits that were never disclosed to Plaintiff[s]."  (Id. at ¶ 10.)[3]  Contrary to the documentation provided to plaintiff, defendant Countrywide was neither the source of funding nor the true lender in the mortgage loan transaction.  (Id. at ¶ 13.)  By defendants' failure to record agreements and assignments in connection with the loan transaction and through the pooling of assets and securitization of the mortgage loans, there is now no holder of the note in due course with standing to enforce the loan though non-judicial foreclosure.  (Id. at ¶¶ 14-29.)  Defendants never advised plaintiffs of the details of the mortgage loan transaction, including required preliminary disclosures, and misled plaintiffs into accepting a sub-prime adjustable rate mortgage.  (Id. at ¶¶ 30-39.)  Defendants acted as creditors in defrauding plaintiffs by failing to properly credit payments made by them on the loan and miscalculating interest and fees, resulting in plaintiffs overpaying interest on the loan. (Id. at ¶¶ 41-49.)

Based on these allegations plaintiffs assert claims for relief under (or for): HOEPA, RESPA, FCRA, Fraudulent Misrepresentation, Breach of Fiduciary Duty, Unjust Enrichment, Civil Conspiracy, Civil RICO and Quiet Title.  (Compl. (Doc. No 1-1) at 28-36, ¶¶ 54-119.)  In terms of relief, plaintiffs essentially seek an order declaring that the mortgage loan transaction and subsequent foreclosure proceedings were illegal and are rendered void, that defendants lack any interest in the subject property, terminating all collection and foreclosure activities, restoring unencumbered title to plaintiffs and an award of damages, fees and costs. (Compl. (Doc. No 1-1) at 36-37.)

DEFENDANTS' ARGUMENTS

Defendants seek dismissal of plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they have failed to state any cognizable claim. Specifically, defendants advance the following arguments.  Plaintiffs' HOEPA claim is barred by

---

[3]  Most of plaintiffs' allegations are directed collectively at "the defendants" generally, without any indication of which defendant is allegedly responsible for the actions alleged.

1    the applicable one-year statute of limitations.  Plaintiffs' RESPA claim is also barred by the

2    applicable one-year statute of limitations and, in any event, fails due to their failure to allege they

3    have suffered any damage as a result of the alleged violation.  Likewise, plaintiffs' TILA claim is

4    both time-barred and fails because plaintiffs have not tendered the borrowed funds and have failed

5    to allege a violation of TILA.  Plaintiffs' FCRA claim must be dismissed because there is no

6    applicable private right of action under that provision and, in any event, plaintiffs have failed to

7    allege any violation of its provisions.  The fraud claim is both time-barred and fails because

8    plaintiffs have not alleged fraud with the particularity required under Federal Rule of Civil

9    Procedure 9(b) and state law.  Plaintiffs' breach of fiduciary duty claim must be dismissed

10   because defendants owe no duty to plaintiff in this mortgage loan transaction and their unjust

11   enrichment claim fails because it is not an independent cause of action and is not supported by the

12   factual allegations of the complaint.  Plaintiffs' conspiracy claim is subject to dismissal because it

13   too is not an independent cause of action and plaintiffs have failed to adequately allege a predicate

14   fraud.  The civil RICO claim is insufficiently alleged and is unsupported by the factual allegations

15   of the complaint.  Plaintiff's quiet title claim must be dismissed because they have not stated a

16   valid claim for rescission and have failed to allege satisfaction of the tender requirement.  Finally,

17   defendants argue that the complaint, which they characterize as a cookie cutter document that has

18   been filed in other cases before this court and was submitted here merely to stall or avoid

19   foreclosure, should be dismissed with prejudice.  (Doc. No. 5.)

20           As noted above, plaintiffs have filed no written opposition to the motion and did

21   not appear at the hearing on defendants' motion to dismiss.

22           LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

23           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

24   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

25   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

26   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

4

1  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

2  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

3  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

4  plaintiff's claims, even if the plaintiff's allegations are true.

5          In determining whether a complaint states a claim on which relief may be granted,

6  the court accepts as true the allegations in the complaint and construes the allegations in the light

7  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

8  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

9  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

10  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form

11  of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

12          With regard to claims of fraud, "the circumstances constituting fraud . . . shall be

13  stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to

14  defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

15  the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]

16  from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from

17  unilaterally imposing upon the court, the parties and society enormous social and economic costs

18  absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)

19  (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Thus, pursuant to Rule

20  9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place,

21  persons, statements and explanations of why allegedly misleading statements are misleading.  In

22  re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy

23  Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir.

24  1995).  Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a

25  false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"

26  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

1   For the reasons set forth below, the undersigned will recommend that defendants'

2   motion to dismiss be granted and that this action be dismissed with prejudice.

3                                           ANALYSIS

4   At the outset, defendants have requested judicial notice of documents related to the

5   matters at issue.  (Docs. No. 6.)  Specifically, defendants request that the court take judicial notice

6   of:  (1) an Adjustable Rate Note in the amount of  $308,000 related to the subject property, dated

7   June 9, 2005 and signed by plaintiffs; and (2) a Deed of Trust securing the subject property

8   executed by plaintiffs and recorded in the Sacramento County Recorder's Office on June 15,

9   2005.  (Doc. No. 6, Exs. A and B.)  Defendants' requests for judicial notice will be granted

10  pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89

11  (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC

12  Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court

13  may take judicial notice of matters of public record outside the pleadings).

14  I.      HOEPA Claim

15  In their complaint plaintiffs allege in conclusory fashion that defendants violated

16  the provisions of HOEPA by failing to make required disclosures to plaintiffs in a conspicuous

17  fashion, failing to disclose the right to rescind the transaction and extending credit to plaintiffs

18  without regard to their ability to repay.  (Compl. at ¶¶ 59, 61.)

19  As defendants correctly point out, the statute of limitations governing an action for

20  damages under HOEPA calls for the filing of a complaint within one year of the date the violation

21  occurred.  15 U.S.C. § 1640(e).  This limitations period starts to run from "the date of

22  consummation of the transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  See

23  also Monaco v. Bear Stearns Residential Mortg. Corp., 554 F. Supp. 2d 1034, 1039 (C.D. Cal.

24  2008).  Here, plaintiff's entered into the mortgage loan transaction on June 9, 2005, but did not

25  file their complaint until June 9, 2010.  Although this statute of limitations may be subject to

26  equitable tolling under appropriate circumstances (King, 784 F.2d at 914-15), plaintiffs have

6

1    made no showing justifying application of equitable tolling in this case.  Accordingly, their

2    HOEPA claim is time-barred.

3                In addition, HOEPA, an amendment to TILA, codified at 15 U.S.C. § 1639, creates

4    "a special class of regulated loans that are made at higher interest rates or with excessive costs and

5    fees." In re Community Bank of Northern Va., 418 F.3d 277, 304 (3d Cir. 2005).  In order to be

6    subject to the protections afforded by HOEPA, one of two factors has to be established.  Either the

7    annual percentage rate of the loan at consummation must exceed by more than 10 percent the

8    applicable yield on treasury securities, or the total points and fees payable by the consumer at or

9    before closing has to be greater than 8 percent of the total loan amount, or $400.00.  15 U.S.C. §

10   1602(aa)(1) & (3); see also 12 C.F.R. § 226.32(a)(1).  Plaintiffs' complaint does not allege facts

11   demonstrating that the mortgage they obtained qualified for protection under HOEPA.  That

12   failure alone subjects the claim to dismissal.  See e.g., Marks v. Chicoine, No. C 06-06806 SI,

13   2007 WL 160992 at *8 (N.D. Cal.2007) (court dismissed claim for violation of HOEPA where

14   plaintiff failed to allege facts that would support a conclusion that HOEPA applied to the loan at

15   issue); see also Justice v. Countrywide Home Loans, Inc., No. 3:05-CV-008, 2006 WL 141746 at

16   *2 (E.D. Tenn.2006) (where complaint alleged that excessive fees were charged in violation of

17   HOEPA but failed to specify such fees, dismissal was appropriate, since "the bare incantation of

18   statutory terms, without corresponding allegations to support recovery, does not state a claim.").

19               Finally, despite the complaint's suggestion to the contrary, it is clear that the

20   defendants "[h]ad no duty to disclose to plaintiff[s] that [t]he[y] did not have the ability to repay

21   the loan. Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL 481482,

22   at *5 (C.D. Cal. Feb 23, 2009) (citing Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.

23   App.3d 1089, 1096 (1991)); Davidson v. Countrywide Home Loans, Inc, No. 09-CV-2694-IEG

24   (JMA), 2010 WL 2925440, at *9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiff bases this

25   claim on the contention that Countrywide gave Davidson a loan she could not afford, this claim

26   would fail."); Camillo v. Washington Mutual Bank, F.A., No. 1:09-CV-1548 AWI SMS, 2009

1  WL 3614793, * 7 (E.D. Cal. Oct. 27, 2009) ("Thus, Defendants had not duty to disclose to

2  [Plaintiffs] that [they] did not have the ability to repay the loan.")

3              Accordingly, plaintiffs' claim under HOEPA should be dismissed.

4  II.      RESPA Claim

5              Plaintiffs, once again in perfunctory fashion, allege that defendants violated the

6  provisions of RESPA by accepting charges for real estate services when the charges did not in fact

7  relate to such services performed by them.  (Compl. ¶ 68.)

8              Plaintiffs' RESPA cause of action is also time-barred.  Claims for damages under

9  12 U.S.C. § 2607 are also subject to a one year statute of limitations from the date the violation

10  occurs.  See 12 U.S.C. § 2614; see also Allan v. Greenpoint Mortgage Funding, 730 F. Supp. 2d

11  1071, 1076 (N.D. Cal. 2010); Green v. Alliance Title, et al., No. CIV S-10-0242 MCE EFB PS,

12  2010 WL 3505072, at *6 (E.D. Cal. Sept. 2, 2010).  As noted above with respect to their HOEPA

13  claim, plaintiffs commenced this suit five years after the mortgage loan was made and any RESPA

14  violation could have occurred, and four years after the statute of limitations for a claim of

15  damages under RESPA had expired.[4]

16              Accordingly, plaintiffs' claim under RESPA should be dismissed.

17  III.     TILA Claim

18              Plaintiffs allege that in connection with their mortgage loan defendants failed to

19  make disclosures of charges, improperly disclosed finance charges and calculated the annual

20  ───────────────────

21         [4]  It is noteworthy that while RESPA's purpose is to "curb abusive settlement practices in
the real estate industry, courts have concluded that with respect to several of its disclosure

22  requirements, "[s]uch amorphous goals . . . do not translate into a legislative intent to create a
private right of action."  Bloom v. Martin, 865 F. Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77

23  F.3d 318 (9th Cir. 1996).  See also Bojorquez v. Gutierrez, No. C 09-03684 SI, 2010 WL
1223144, at *8 (N.D. Cal. Mar. 25, 2010) (no private right of action exists for certain disclosure

24  violations under RESPA).  "The structure of RESPA's various statutory provisions indicates that
Congress did not intend to create a private right of action for disclosure violations under 12

25  U.S.C. § 2603 . . . Congress did not intend to provide a private remedy . . . ."  Bloom, 865 F.
Supp. at 1384.  See also Allan v. Greenpoint Mortgage Funding, 730 F. Supp. 2d 1071, 1076

26  (N.D. Cal. 2010) (no private right of action with respect to RESPA's provisions requiring lenders
to provide a Good Faith Estimate (GFE) or the HUD-1 form to borrowers)

1   percentage rate improperly, in violation of the provisions of TILA.  (Compl. ¶¶ 70-74.)  Plaintiffs

2   seek rescission and the award of damages.

3           Plaintiffs' TILA claim for damages is barred because such a suit must be filed

4   within one year following the alleged violation.  15 U.S.C. § 1640(e).  The failure to make

5   required disclosures for purposes of a damages claim under TILA occurs on the date the loan

6   documents are signed, because on that date the buyer is in possession of all information relevant

7   to they buyer's discovery of the TILA violation and the basis for a damages claim.  Meyer v.

8   Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank,

9   682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts

10  demonstrating that the TILA violations alleged could not have been discovered by due diligence

11  during the one-year statutory period, equitable tolling should not be applied and dismissal at the

12  pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111,

13  1122 (N.D. Cal. 2009).  In addition, plaintiffs' claim for rescission, as opposed to damages, under

14  TILA would also be time-barred, since such claims are governed by a three-year statute of

15  limitations.  15 U.S.C. § 1635(f); King, 784 F.2d at 913 (9th Cir. 1986).  As noted above,

16  plaintiffs commenced this action five years after the mortgage loan was made and long after the

17  statute of limitations for either a claim of damages or rescission under TILA had expired.

18          In addition, to state a claim for rescission under TILA the plaintiffs must allege that

19  they are able to tender the proceeds of their loan.  See Yamamoto v. Bank of New York, 329 F.3d

20  1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "should be conditioned on

21  repayment of the amounts advanced by the lender" and explaining that, because rescission is a

22  remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability

23  to tender the loan proceeds); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974); Garcia v.

24  Wachovia Mortgage Corp., 676 F. Supp.2d 895, 903 (C.D. Cal. 2009); see also Lal v. American

25  Home Servicing, Inc., 680 F. Supp. 2d 1218, 1222-23 (E.D. Cal. 2010) (tender requirement for a

26  TILA rescission claim not met by plaintiff/borrower's proffer that once successful in their civil

1  action they will be able to secure refinancing to satisfy obligation).  There is no allegation with

2  respect to satisfying this tender requirement in plaintiffs' complaint.

3         Moreover, plaintiffs' complaint indicates that the loan in question was obtained by

4  them on their primary residence.  As such, this was a "residential mortgage transaction" which is

5  exempt from TILA's right of rescission.  See 15 U.S.C. § 1635(e)(1); Barrett v. JP Morgan Chase

6  Bank, N.A., 445 F.3d 874, 879 (6th Cir. 2006); Khan v. GMAC Mortgage, LLC, No. 2:10-cv-

7  00900-GEB-JFM, 2010 WL 2635095, at *3 (E.D. Cal. June 30, 2010); Wilson v. First Franklin

8  Financial Corp., Civ. No. S-08-2572 FCD/JFM, 2010 WL 2106551, at *2 (E.D. Cal. May 25,

9  2010) (concluding that such residential mortgage transactions are also exempted from Regulation

10 Z (12 C.F.R. § 226.23(f)(1)) and the Home Ownership and Equity Protection Act (15 U.S.C. §

11 1602(aa)(1))) .

12        Finally, the vague and conclusory factual allegations of plaintiffs' complaint fail to

13 allege a violation of any specific provision of TILA.  For all of these reasons, plaintiffs' TILA

14 claim should be dismissed.

15 IV.    FCRA Claim

16        Plaintiffs allege that defendants violated FCRA by reporting negative information

17 regarding them to one or more credit reporting agencies, after "tricking" plaintiffs into entering

18 this mortgage loan transaction.  (Compl. at ¶ 76.)

19        However, FCRA does not provide a private right of action for knowingly

20 furnishing inaccurate information relating to a consumer to any consumer reporting agency.  15

21 U.S.C. § 1681s-2(d); Gorman v. Wolpoff & Abramson, 584 F.3d 1147, 1154 n.9 (9th Cir. 2009);

22 Nelson v. Chase Manhattan Mortgage Corp. 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress did

23 not want furnishers of credit information exposed to suit by any and every consumer dissatisfied

24 with the credit information furnished.  Hence, Congress limited the enforcement of the duties

25 imposed by § 1681s-2(a) to governmental bodies."); Gens v. Wachovia Mortgage Corp., No. 10-

26 cv-1073-LHK, 2011 WL 9121, at *8 (N.D. Cal. Jan. 3, 2011) ("[T]he FCRA does not provide for

1  a right of action against a furnisher of false information.")  Plaintiffs allege no other violation of

2  the provisions of FCRA.  Accordingly, this claim should be dismissed.

3  V.     Fraud Claim

4           In their complaint plaintiffs allege in general fashion that defendants "knowingly

5  and intentionally concealed material information" from them that was required to be disclosed

6  "before and at closing," thereby evidencing defendants' fraudulent misrepresentation.  (Compl. at

7  ¶ 81.  Such conclusory allegations fail to state a cognizable claim.  First, it is impossible to

8  ascertain with any degree of particularity the precise conduct being alleged as to each of the

9  named defendants.  As such, plaintiff has failed to place each of the defendants on notice of the

10 claim or claims being asserted against them.  Furthermore, however, plaintiffs' fraud claim

11 invokes no applicable statutory or common law authority pursuant to which the court could grant

12 relief.

13          Nonetheless, construing the pro se complaint liberally, the court notes that under

14 California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his consent

15 to the contract was obtained through fraud.  However, under California law a claim of fraud must

16 allege the following elements:  "(a) a misrepresentation (false representation, concealment, or

17 nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

18 reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal.

19 App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4 th 631, 638 (1996) (internal

20 quotation marks omitted).  When asserting a fraud claim against a corporation, "the plaintiff's

21 burden . . . is even greater . . . .  The plaintiff must 'allege the names of the persons who made the

22 allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said

23 or wrote, and when it was said or written.'"  Lazar, 12 Cal.4th at 645 (quoting Tarmann v. State

24 Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

25          Similarly, federal law requires that "[i]n all averments of fraud or mistake, the

26 circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent,

11

1   knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc.

2   9(b).  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time,

3   place and specific content of the false representations as well as the identities of the parties to the

4   misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir.

5   1988).  <u>See</u> also <u>e.g.</u> <u>Spencer v. DHI Mortgage Co.</u>, Case No. CV F 09-0925 LJO DLB, 2009 WL

6   1930161, at *6 (E.D. Cal. June 30, 2009).  Dismissal of a fraud claim is appropriate when its

7   allegations fail to meet the required pleading standard.  <u>Vess</u>, 317 F.3d at 1107; <u>see</u> <u>also</u> <u>Cooper v.</u>

8   <u>Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who,

9   what, when, where, and how' of the misconduct alleged"); <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541,

10   1548 (9th Cir. 1994); 1991); <u>Tarmann</u>, 2 Cal. App.4th at 157.[5]

11         Here, plaintiffs' bare allegations of fraudulent concealment are clearly insufficient

12   to state a cognizable fraud claim under the standards set forth above.  Plaintiffs have not alleged

13   fraud with the required particularity to state a plausible claim for relief.  Their fraud claim should

14   therefore be dismissed for failure to state a claim upon which relief can be granted.

15   VI.   <u>Breach of Fiduciary Duty Claim</u>

16         In their complaint plaintiffs allege that defendants breached their fiduciary duties to

17   plaintiffs by fraudulently inducing them to enter this mortgage loan transaction which was

18   contrary to plaintiffs' interest.  (Compl. ¶ 89.)  Plaintiffs' allegations in this regard fail to state any

19   cognizable claim.

20         "The elements of a cause of action for breach of fiduciary duty are: 1) the existence

21   of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." <u>Pellegrini v.</u>

22   <u>Weiss</u>, 165 Cal. App.4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise

23   when confidence is reposed by persons in the integrity of others, and if the latter voluntarily

24

25       [5]  The court also notes that any fraud claim brought by plaintiffs in connection with this mortgage loan transaction is governed by a three year statute of limitations and would be time-barred for the reasons addressed above in connection with their federal claims.  Cal. Code Civ.

26   Proc. 338(d).

1   accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the

2   other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal. App.4th

3   1093, 1101-02 (1991). "The relationship between a lending institution and its borrower-client is

4   not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.3d 1089,

5   1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a

6   borrower when the institution's involvement in the loan transaction does not exceed the scope of

7   its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior

8   Court, 145 Cal. App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at

9   arms-length and there is no fiduciary relationship between the borrower and lender).  Rather, a

10  commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark,

11  231 Cal. App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal. App.3d 38, 67 (1988)).

12  These defendants had no fiduciary duty to plaintiff, absent special circumstances.  Plaintiffs have

13  not alleged any facts suggesting the existence of special circumstances such that a fiduciary

14  relationship between themselves and defendants was created, i.e., facts suggesting that the

15  defendants' involvement in the loan transaction exceeded the scope of the conventional role as a

16  mere money lender.  Instead, plaintiffs' complaint contains only bare conclusory allegations,

17  which are insufficient to withstand a motion to dismiss.  See Twombly, 550 U.S. at 555-56.

18  VII.   Unjust Enrichment

19          Plaintiffs allege defendants were unjustly enriched as a result of this mortgage loan

20  transaction in the form of higher interest rates, fees, rebates, kickbacks and profits, as well as

21  payments from various third parties.  (Compl. ¶ 94-95.)  Plaintiffs' allegations in this regard do

22  not state a cognizable claim.

23          As one judge of this court has recently explained:

24      The elements of an unjust enrichment claim are receipt of a benefit
        and unjust retention of the benefit at the expense of another. Peterson
25      v. Cellco Partnership, 164 Cal. App.4th 1583, 1593, 80 Cal.  Rptr. 3d
        316 (2008); Lectrodryer v. SeoulBank, 77 Cal. App.4th 723, 726, 91
26      Cal. Rptr.2d 881 (2000).  However, "the mere fact that a person

benefits another is not of itself sufficient to require the other to make restitution therefor."  Peterson, 164 Cal. App.4th at 1593, 80 Cal. Rptr.3d 316.  Unjust enrichment is typically sought in connection with a "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract.  McBride v. Boughton, 123 Cal. App.4th 379, 388, 20 Cal. Rptr.3d 115 (2004).

The complaint's unjust enrichment claim fails because the complaint fails to state any facts in support of the contention that Defendants received and retained benefits and payments to which they were not entitled.  In addition, under California law, an action in quasi-contract does not lie "when an enforceable, binding agreement exists defining the rights of the parties."  Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996); Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal. App.4th 1410, 1419-20, 49 Cal. Rptr.2d 191 (1996). The complaint alleges Plaintiff and Defendants entered into the Loan, and no allegations in the complaint support a claim that no contract exists between the parties.  The complaint does not allege sufficient facts to maintain a plausible claim for unjust enrichment.

In addition, most California courts agree that there is no cause of action in California for unjust enrichment.  Walker v. Equity 1 Lenders Group, 2009 WL 1364430, *9 (S.D. Cal. 2009); Jogani v. Superior Court, 165 Cal. App.4th 901, 911, 81 Cal. Rptr.3d 503 (2008); Melchior v. New Line Productions, Inc., 106 Cal. App.4th 779, 794, 131 Cal. Rptr.2d 347 (2003).  "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."  Lauriedale Associates, Ltd. v. Wilson, 7 Cal. App.4th 1439, 1448, 9 Cal. Rptr.2d 774 (1992).  "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself."  Melchior, 106 Cal. App.4th at 784, 131 Cal. Rptr.2d 347.  Thus, the unjust enrichment claim is subject to dismissal.

Lopez v. Washington Mut. Bank, F.A. No. 1:09-CV-1838 AWI JLT, 2010 WL 1558938, at *10 - 11 (E.D. Cal. Apr. 19, 2010).

The same analysis applies here.  Accordingly, plaintiffs' unjust enrichment claim should be dismissed.

VIII.   Conspiracy Claim

The complaint alleges that the defendants conspired with one another to defraud plaintiffs.  For the reasons addressed above, plaintiffs have failed to allege a cognizable fraud claim under state law.  Accordingly, any claim that the defendants conspired to defraud plaintiffs

1  under state law  would likewise fail.  See Zumbrun v. University of Southern California, 25 Cal.

2  App. 3d 1, 12 (1972) ("[N]o cause of action exists for conspiracy itself; the pleaded facts must

3  show something which, without the conspiracy, would give rise to a cause of action."); see also

4  Jones v. Wells Fargo Bank, 112 Cal. App. 4th 1527, 1541 (2003) "[N]o cause of action for

5  conspiracy exists unless the pleaded facts show some wrongful act that would support a cause of

6  action without the conspiracy.")  Moreover, "bare assertion of conspiracy" and "conclusory

7  allegation of agreement at some unidentified point" will not suffice to state a cognizable claim

8  under federal pleading standards.  Twombly, 550 U.S. at 556-57; Davenport v. Litton Loan

9  Servicing, LP, 725 F. Supp. 2d 862, 881 (N.D. Cal. 2010) (plaintiff's conclusory allegation that

10  defendants "agreed to hoodwink her with an unconscionable loan" did not state a cognizable

11  conspiracy cause of action).

12          Accordingly, plaintiffs' conspiracy claim should be dismissed.

13  IX.    RICO Claim

14          Liberally construed, plaintiffs allege that "defendants" constitute a RICO enterprise

15  that acted with the objective of perpetrating a fraud on plaintiffs through various corporate entities

16  and others and through the use of intentional non-disclosures, material misrepresentations and the

17  creation of fraudulent loan documents in connection with the subject mortgage loan.  (Compl. at

18  ¶ 106.)  This claim is clearly not cognizable.

19          RICO makes it unlawful for any person to:  (a) use or invest income from a pattern

20  of racketeering activity to acquire an interest in, establish, or operate an enterprise; (b) acquire or

21  maintain an interest in an enterprise through a pattern of racketeering activity; (c) conduct or

22  participate in the affairs of an enterprise through a pattern of racketeering activity; or (d) conspire

23  to do any of the above.  18 U.S.C. § 1962(a)-(d); Walters v. Fidelity Mortgage of California, 730

24  F. Supp. 2d 1185, 1206 (E.D. Cal. 2010).  "[F]raudulent acts that form the alleged pattern of

25  racketeering activity" must be pleaded with particularity, pursuant to Rule 9(b).  Schreiber Distrib.

26  Co. v. ServWell Furniture Co., Inc., 806 F.2d 1393, 1400 (9th Cir.1986).  "[T]he pleader must

1  state the time, place, and specific content of the false representations as well as the parties to the

2  misrepresentation." Id. at 1401.  See also Moore v. Kayport Package Exp., Inc., 885 F.2d 531,

3  541 (9th Cir. 1989); Walters, 730 F. Supp. 2d at 1280.

4  Although plaintiffs' complaint does not specify which subsection of RICO was

5  allegedly violated by defendants, the allegations of the complaint do not support a claim under any

6  of the subsections.  Instead, plaintiffs merely allege that they were defrauded in connection with

7  their mortgage loan transaction.  Because plaintiffs have not alleged, and appear unable to allege,

8  any pattern of racketeering activity by defendants, their RICO claim cannot withstand a motion to

9  dismiss.  See Walters, 730 F. Supp. 2d at 1280 (lack of factual allegations sufficient to state a

10  RICO claim for which relief could be granted resulted in dismissal of claim); Green v. Alliance

11  Title, No. Civ. S-10-0242 MCE EFB PS, 2010 WL 3505072, at *13 (E.D. Cal.  Sept. 2, 2010)

12  (same); Guldbeck v. BNC Mortgage Inc., No. C 09-cv-5733 VRW, 2010 WL 727518, at * 8

13  (N.D. Cal. Mar. 1, 2010) ("Plaintiffs fail to make a single factual allegation that identifies an illicit

14  enterprise as defined by the RICO act, which is a pleading burden expressly required by the

15  statute.")

16  X.    Quiet Title Claim

17  Plaintiffs allege, again in conclusory fashion, that they intend to rescind the subject

18  mortgage loan and are entitled to quiet title free of any mortgage encumbrance.  (Compl. at ¶ 116.)

19  To the extent this bare allegation is intended as a separate claim for relief, it fails.

20  As a preliminary matter, plaintiffs' quiet title claim is deficient because they have

21  not alleged any specific claim against any specific defendant.  Rather, plaintiffs generally allege

22  their claim against "all defendants," without identifying which defendant is responsible for their

23  alleged injuries.  As such, plaintiffs have failed to place each of the defendants on notice of the

24  claim or claims being asserted against them.

25  Moreover, plaintiffs have admittedly not paid the debt owed, and therefore cannot

26  quiet title.  In this regard, "a mortgagor cannot quiet his title against the mortgagee without paying

1  the debt secured." <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934).  <u>See also</u> <u>Aguilar v. Bocci</u>,

2  39 Cal. App. 3d 475, 477 (1974); <u>Kelley v. Mortgage Electronic Registration</u>, 642 F. Supp. 2d

3  1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their

4  obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").   Here,

5  plaintiffs' complaint does not allege that they have tendered, or are able to tender, the debt secured

6  by the subject property.  As such, plaintiff cannot state a cognizable claim for quiet title and their

7  claim should be dismissed.

8  XI.    <u>Granting Leave to Amend Would Be Futile</u>

9           The undersigned has carefully considered whether plaintiff may amend their

10 complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

11 to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg.</u>

12 <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See also</u> <u>Klamath-Lake</u>

13 <u>Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

14 while leave to amend shall be freely given, the court does not have to allow futile amendments).

15 Leave to amend would clearly be futile in this case given the obvious deficiencies in, and

16 frivolous nature of, the complaint as well as plaintiffs' failure to file any opposition to the motion

17 to dismiss or to appear at the hearing thereon.  Accordingly, the undersigned will recommend that

18 this action be dismissed with prejudice.

19                               CONCLUSION

20          For the reasons set forth above, IT IS RECOMMENDED that:

21          1.  Defendants' requests for judicial notice (Doc. No. 6) be granted pursuant to

22 Federal Rule of Evidence 201;

23          2. Defendants' motions to dismiss (Doc. No. 5) be granted pursuant to Federal

24 Rule of Civil Procedure 12(b)(6); and

25          3. This action be dismissed in its entirety with prejudice.

26 /////

1        These findings and recommendations will be submitted to the United States

2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, any party may file and

4  serve written objections with the court.  A document containing objections should be titled

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6  shall be filed and served within seven days after the objections are served.  The parties are advised

7  that failure to file objections within the specified time may, under certain circumstances, waive

8  the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: March 22, 2011.

10

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

13  Ddad1/orders.pro se
    khomich10cv1866.mtd.f&r

14

15

16

17

18

19

20

21

22

23

24

25

26